UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE M., | |
| Plaintiff, | Case No. C19-6103-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in finding that she had no severe impairments at step two. (Dkt. # 8 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1962, has two years of college education and additional cosmetology training, and has worked as a hairstylist, preschool teacher, and self-employed merchandizer. AR at 30-32, 142. Plaintiff was last gainfully employed in December 2013. *Id.* at 142.

ORDER - 1

In June 2017, Plaintiff applied for benefits, alleging disability as of January 1, 2014. AR at 129-31. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 69-71, 74-76, 79-80. After the ALJ conducted a hearing on October 16, 2018 (*id*. at 25-25), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 15-21.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> Step one: Plaintiff did not engage in substantial gainful activity between the time of her alleged onset date and her date last insured.
>
> Step two: Plaintiff has no severe impairments, and is therefore not disabled.

AR at 15-21.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

---

[1] 20 C.F.R. § 404.1520.

ORDER - 2

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  DISCUSSION

Plaintiff argues that the ALJ erred in finding at step two that she had no severe impairments, particularly because a State agency opinion that the ALJ credited in making that finding actually found that Plaintiff did have severe impairments, although the ALJ described the opinion as suggesting that Plaintiff did not have severe impairments. *Compare* AR at 20 *with id.* at 65-66.

The Commissioner concedes that the ALJ erred with respect to the State agency opinion, but argues that this error is harmless because the State agency reviewer ultimately concluded that Plaintiff's severe impairments would not preclude all work, and she was therefore not disabled. (Dkt. # 9 at 3.) The Commissioner has not shown that the ALJ's error is harmless, however, because the State agency reviewer's opinion goes beyond the ALJ's decision to indicate that Plaintiff's severe impairments would not preclude all work (AR at 66), but the ALJ did not address or credit that portion of the opinion because the ALJ did not assess Plaintiff's RFC or address whether that RFC precluded work. Because the ALJ ended the sequential evaluation process at step two (the step at which the ALJ made the error in reading the State agency opinion), there are no findings within the ALJ's decision that would permit the Court to find that the ALJ's erroneous reading of the State agency decision did not impact the ALJ's ultimate

ORDER - 3

conclusion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless.").

Accordingly, this case must be remanded to allow the ALJ to reconsider the State agency opinion and the entirety of the step-two findings.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the State agency opinion and the entirety of the step-two findings, with attention to the evidence pertaining to Plaintiff's deterioration in 2013 from stage 2 kidney disease to stage 3. AR at 1377, 1439. If necessary, the ALJ should go on to subsequent steps in the sequential evaluation.

Dated this 27th day of April, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge